UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| ROBERT K. LAWSON,<br><br>    Petitioner,<br><br>V.<br><br>WARDEN, FCI-Manchester,<br><br>    Respondent. | Civil Action No. 6: 19-294-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Robert K. Lawson is an inmate confined at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without a lawyer, Lawson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In July 2004, pursuant to a plea agreement with the United States, Lawson pled guilty in the United States District Court for the Northern District of Ohio to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851 (Count One), one count of possession with intent to distribute cocaine powder in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851 (Count Two), and one count of being a felon in possession of a firearm in violation of § 922(g)(1) (Count Three). Lawson was subject to statutory mandatory minimum sentences of 240 months imprisonment on Count One and 120 months imprisonment on Count Two. At sentencing, the sentencing Court determined that, based on prior felony drug

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

convictions, Lawson was a Career Offender under U.S.S.G. § 4B1.1, with an offense level of 37. The sentencing Court reduced Lawson's offense level by three levels for acceptance of responsibility to level 34. Lawson's preliminary resulting advisory guideline range at Criminal History Category VI was 262-327 months imprisonment. On July 23, 2004, the sentencing Court imposed a sentence of 262 months imprisonment. *See United States v. Robert K. Lawson*, Case No. 1:03-cr-398-SL-1 (N.D. Ohio 2003) at R. 39, p. 1-2.

Lawson did not directly appeal his conviction or sentence. However, since his sentence was imposed, he has filed several motions for relief from his sentence, including a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in August 2005, a motion for retroactive application of sentencing guidelines to crack cocaine offenses under 18 U.S.C. § 3582 in July 2011, and a motion for a sentence reduction in light of the First Step Act of 2018 in March 2019. *Id*. at R. 27, 28, 34, 51. With the exception of a reduction in his term of supervised release granted by the sentencing Court in May 2019, Lawson's requests for relief from his sentence have all been denied. However, Lawson appealed the denial of his motion for a sentence reduction in light of the First Step Act to the United States Court of Appeals for the Sixth Circuit, which determined that Lawson is eligible for a sentence reduction under the First Step Act and remanded the matter to the District Court in November 2019 for clarification of whether the Court denied Lawson's motion because Lawson was ineligible for relief or because, in its discretion, Lawson should not receive a reduction. *Id*. at R. 68. In light of this remand, the sentencing Court issued an order clarifying that, although the First Step Act applies to Lawson, the court exercised its discretion to deny a sentence reduction under the First Step Act. *Id*. at R. 69. On December 19, 2019, Lawson, through counsel, filed a notice of appeal to the Sixth Circuit of the sentencing Court's denial of relief under the First Step Act. *Id*. at R. 73. This appeal is currently pending before the Sixth Circuit.

In his § 2241 petition filed in this Court on December 13, 2019, Lawson argues that, in light of the United States Court of Appeals for the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), his prior conviction for violation of Ohio R.C. § 2925.03(A)(6) no longer qualifies as a predicate "controlled substance offense" for purposes of his Career Offender designation under U.S.S.G. § 4B1.1. However, in September 2019 (prior to filing his § 2241 petition in this Court), Lawson filed a second motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing Court in which he raises the exact same arguments. *See United States v. Robert K. Lawson*, Case No. 1:03-cr-398-SL-1 (N.D. Ohio 2003) at R. 63. After the United States filed a response in opposition, *id*. at R. 67, the sentencing court transferred Lawson's petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Lawson may file a second or successive motion under § 2255. *Id*. at R. 70. Lawson's request to file a second or successive § 2255 petition remains pending with the Sixth Circuit.

In light of these circumstances, Lawson's § 2241 petition filed in this Court will be denied without prejudice as premature because his motion for relief pursuant to 28 U.S.C. § 2255 remains pending. A federal prisoner generally may not use a § 2241 petition to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the

legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Here, Lawson' petition to file a second or successive §2255 petition challenging his conviction in light of *Montanez* – the exact issue presented in his § 2241 petition – is presently pending before the Sixth Circuit, rendering resort to a § 2241 petition to obtain the same measure of relief in this Court premature. *See Pullen v. Ormond*, No. 18-6171 (6th Cir. Sept. 5, 2019) (petitioner could not make a colorable argument that his remedy under § 2255 was "inadequate or ineffective" for purposes of filing a § 2241 petition when a pending § 2255 motion may render his

4

claims in his § 2241 petition moot). *See also Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition).

Because Lawson's pending request to file a § 2255 petition may render his claims in this proceeding moot, he must complete the process of seeking relief via § 2255 before he may make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006). Thus, the Court will deny his petition, without prejudice, as premature. Because this denial is without prejudice, Lawson remains free to re-file his § 2241 petition should his efforts to seek relief via his pending § 2255 petition fail.

Accordingly, the Court hereby **ORDERS** as follows:

1. Lawson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED WITHOUT PREJUDICE**.
2. This action is **STRICKEN** from the Court's docket.
3. A corresponding judgment will be entered this date.

Dated January 8, 2020

*signature: Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY